# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re: | § | (Chapter 11) |
| | § | |
| ARROW AIR, INC. AND | § | Case number 10-28831-AJC |
| ARROW AIR HOLDINGS CORP. | § | Case number 10-28834-LMI |
| | § | |
| | § | |
| Debtors. | § | (Joint Administration Requested) |

**DEBTORS' APPLICATION FOR INTERIM ORDER APPROVING THE RETENTION OF HAYNES AND BOONE, LLP AS COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE AND FOR ENTRY OF A FINAL ORDER IN ACCORDANCE WITH FED. R. BANKR. P. 6003**

**(EMERGENCY HEARING REQUESTED)**

Arrow Air Holdings Corp. ("Holdings") and Arrow Air, Inc. ("Arrow") (collectively, the "Debtors"), file their Debtors' Application for Interim Order Approving the Retention of Haynes and Boone, LLP as Counsel to the Debtors *Nunc Pro Tunc* to the Petition Date and for Entry of a Final Order in Accordance with Fed. R. Bankr. P. 6003 (the "Application"). In support of the Application, the Debtors rely upon the *Affidavit of Doug Yakola in Support of First Day Pleadings* and *Unsworn Declaration of Kenric D. Kattner in Support of Debtors' Application for Interim Order Approving the Retention of Haynes and Boone, LLP as Counsel to the Debtors Nunc Pro Tunc to the Petition Date and for Entry of a Final Order in Accordance with Fed. R. Bankr. P. 6003* (the "Kattner Declaration"). The Debtors respectfully represent the following:

## I.    Statement of Exigent Circumstances

1.    The Debtors must have counsel to represent them as debtors in possession in these chapter 11 proceedings. The Debtors reasonably believe that a hearing to consider the relief requested must be held as soon as the Court's calendar will permit. The Debtors respectfully

request that the Court waive the provisions of Local Rule 9075-1(B) which requires an affirmative statement that a bona fide effort was made in order to resolve the issues raised in this Motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

## II.    Jurisdiction

2.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.    Background

### A.    Background and Corporate Structure of the Debtors

3.    Holdings is a Delaware corporation with its principal place of business in Miami, Florida.  MP Arrow III, LLC ("MP III"), an affiliate of MatlinPatterson Global Opportunities Partners III ("MatlinPatterson"), owns a 95% equity interest in Holdings.

4.    Arrow is a Florida corporation with its principal place of business in Miami, Florida.  Arrow, a wholly owned subsidiary of Holdings, provided scheduled and charter cargo logistics services between the United States, Central and South America, and the Caribbean. Prior to the Petition Date, Arrow operated a fleet of four DC-10-30 and three B-757-200 aircraft. Arrow has more than 3,500 customers worldwide, serving international and domestic freight forwarders, integrated carriers, passenger and cargo airlines, the U.S. Department of Defense and the United States Postal Service.  Just prior to the Petition Date, Arrow had approximately 540 employees located in Miami and throughout Central and South America.  MP III is the Debtors' senior secured lender.    The Debtors are obligated to MP III in a secured amount of approximately $58.2 million and an unsecured amount of approximately $7.8 million.

- 2 -

**B.**     **Events Leading up to Chapter 11 Filings**

5.     The Debtors emerged from a prior chapter 11 bankruptcy case on June 10, 2004 pursuant to a confirmed plan of reorganization.  In 2009, the Debtors restructured their aircraft leases in order to, among other things, lower their operating costs. Notwithstanding these restructuring efforts, the Debtors' profitability was materially affected by recent significant increases in jet fuel prices.  The increase in jet fuel prices outpaced the Debtors' ability to increase their charges for services, causing the Debtors to incur significant recurring operating losses and accumulation of a large operating deficit.

6.     In 2009, Arrow's operations were analyzed with respect to implementing cost cutting measures.  These cost cutting measures helped stabilize cash flow and reduce operating losses, but were insufficient to offset the increase in fuel prices.

7.     After cost cutting measures proved insufficient to restore profitability, the Debtors contacted numerous parties they believed would be interested in purchasing Arrow or its assets. Despite protracted negotiations with several parties, the Debtors were unable to consummate a transaction outside of bankruptcy, and were forced to cease scheduled service on June 29, 2010. After cessation of scheduled service, the Debtors terminated all of their employees except for 132 employees.

8.     The Debtors intend to continue negotiations with their lessors to retain certain aircraft and engines in order to allow the Debtors to conduct charter operations postpetition on an ad hoc basis as opportunities arise.

**IV.**     **Relief Requested**

9.     The Debtors seek the entry of an interim order authorizing the Debtors' retention and employment of Haynes and Boone, LLP ("Haynes and Boone" or the "Firm") as attorneys

- 3 -

for the Debtors *nunc pro tunc* to the Petition Date.  The Debtors further request the entry of a

final order approving the Debtors' retention and employment of Haynes and Boone.

10.    The Debtors believe that Haynes and Boone and its attorneys are qualified to

advise and represent the Debtors in these chapter 11 cases, including in respect to the Debtors'

relations with, and responsibilities to, the creditors and other interested parties in the Debtors'

bankruptcy cases.

11.    The Debtors seek to retain Haynes and Boone as their attorneys for, among

others, the following reasons:

a.  Haynes and Boone, with a bankruptcy section of 40 attorneys, has extensive
experience and knowledge in the field of debtors' and creditors' rights and
business reorganizations under chapter 11 of the Bankruptcy Code.  Haynes and
Boone has expertise, experience, and knowledge practicing before bankruptcy
courts throughout the United States.  Haynes and Boone also has extensive
experience in the representation of airlines in chapter 11 bankruptcy cases,
including before this Court.  Haynes and Boone's appearance before this Court
for the matters in these chapter 11 cases will be efficient and cost effective for the
Debtors' estate.

b.  Haynes and Boone is a full-service law firm with experience and expertise in all
other legal areas that may arise during the Debtors' bankruptcy case, including
corporate finance, labor, insurance, environmental, tax, ERISA, and litigation.

c.  Haynes and Boone has expended significant resources for more than a year
working with the Debtors on a number of matters, including preparing for these
bankruptcy filings.  In the process, Haynes and Boone has become familiar with

- 4 -

the Debtors' business operations and legal obligations to various creditor constituencies. Haynes and Boone has participated in the negotiations with the Debtors' creditor constituencies and has been involved in the process of identifying a strategic buyer or investor. If the Debtors are required to retain counsel other than Haynes and Boone, the Debtors would incur additional expenses and delays associated with familiarizing new counsel with the intricacies of the Debtors' financial affairs and business operations.

12. Based upon the foregoing, the Debtors believe that Haynes and Boone is both well qualified and uniquely able to represent them in their chapter 11 bankruptcy cases. The Debtors further believe that Haynes and Boone can effectively and efficiently represent them as bankruptcy counsel in the Debtors' chapter 11 bankruptcy cases.

13. Subject to Court approval, and in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to Haynes and Boone on an hourly basis, plus reimbursement of actual, necessary expenses incurred by the Firm and consistent with any Order authorizing interim compensation procedures entered by this Court. The primary attorneys and paralegals within the Firm who will represent the Debtors and their current standard hourly rates are set forth below:

| | | |
|---|---|---|
| a. | Kenric D. Kattner, Partner | $750.00 per hour |
| b. | Blaine F. Bates, Partner | $595.00 per hour |
| c. | Doug H. Edwards, Partner | $575.00 per hour |
| d. | Kourtney Lyda, Associate | $535.00 per hour |
| e. | Peter C. Ruggero, Associate | $370.00 per hour |
| f. | Kelli M. Stephenson, Associate | $270.00 per hour |

      g.     Jermaine Johnson, Paralegal         $250.00 per hour

14.     The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. From time to time, other attorneys and paralegals from the Firm may serve the Debtors in connection with and related to the matters herein described.

15.     The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy, in all areas of practice, to charge its clients for all additional expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and other charges, mail and express mail charges, special or hand delivery charges, photocopying charges, travel expenses, expenses for "working meals," and computerized research. Haynes and Boone will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to Haynes and Boone's other clients. Haynes and Boone believes that it is fair to charge these expenses to the clients incurring them rather than to increase the hourly rates and spread the expenses among all clients.

16.     Prior to the Petition Date, Haynes and Boone received a prepetition retainer in the amount of $528,909.55 for services to be rendered in connection with this case (the "Retainer"). The Firm requests that any allowed interim fees and expenses will be paid pursuant to the terms of any Order entered by the Court authorizing the payment of interim compensation in this case with such interim compensation to be paid from other estate assets. The Retainer is held by the Firm in its Trust Account, subject to Court order pursuant to the Firm's applications for compensation to be filed in this case.

- 6 -

17.     The professional services Haynes and Boone will render are summarized as follows:

      a.      To give advice to the Debtors with respect to their powers and duties as debtors in possession under the Bankruptcy Code;

      b.      To advise the Debtors with respect to their responsibilities in complying with the U.S. Trustee's Operating Guidelines and Reporting Requirements and with the rules of the Court;

      c.      To prepare and file motions, orders, applications, other pleadings, adversary proceedings, and other legal documents on behalf of the Debtors as may be necessary in the administration of the case;

      d.      To represent the Debtors in promulgating a plan of liquidation and assist with liquidation and orderly wind down of the Debtors' operations;

      e.      To represent the Debtors and to protect the interests of the Debtors in all matters pending before the Court; and

      f.      To represent the Debtors in negotiations with its creditors.

18.     To the best of the Debtors' knowledge, and except as set forth in the Kattner Declaration, attached hereto as Exhibit A, Haynes and Boone has no connection with the creditors or other parties-in-interest or their respective attorneys that would prevent Haynes and Boone from representing the Debtors.  Haynes and Boone does not hold or represent any interest adverse to the Debtors' estate.  Haynes and Boone is a disinterested person as the term is defined by the Bankruptcy Code.

## V.    **Supporting Authority**

19.    Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court

approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or
> other professional persons, that do not hold or represent an interest adverse to the
> estate, and that are disinterested persons, to represent or assist the [debtor]'s
> duties under this title.

11 U.S.C. § 327(a).

20.    Bankruptcy Rule 2014(a) requires that the application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm]
> to be employed, the reasons for the selection, the professional services to be
> rendered, any proposed arrangement for compensation, and, to the best of the
> applicant's knowledge, all of the [firm's] connections with the debtor, creditors,
> any other party in interest, their respective attorneys and accountants, the United
> States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

21.    Pursuant to the recently revised Bankruptcy Rule 6003, the court may grant relief

regarding an application pursuant to Bankruptcy Rule 2014 to retain a professional within 21

days after the filing of the petition to the extent relief is necessary to avoid immediate and

irreparable harm.    Bankruptcy Rule 6003, however, does not expressly forbid courts from

entering interim orders approving professional retentions during the first 21 days of a chapter 11

case.    *See, e.g., First NLC Fin. Servs, LLC*, No. 08-10632-BKC-PGH, 2008 WL 268428 (Bankr.

S.D. Fla., Jan. 28, 2008); *In re Tousa, Inc.*, Case No. 08-10928-BKC-JKO (Bankr. S.D. Fla., Jan.

31, 2008) (Docket No. 15) (approving interim retentions of financial advisor and legal counsel

on interim basis on the same terms as set forth in the proposed order annexed hereto within 21

days of a chapter 11 case); *In re Aloha Airlines, Inc.*, Case No. 08-00337 (Bankr. D. Haw. Mar.

21, 2008) (Docket No. 58) (approving interim retention of debtors' counsel within one day of a chapter 11 case).

22.     First, according to the Advisory Committee note to Bankruptcy Rule 6003, the standard employed in Bankruptcy Rule 6003 is taken from Bankruptcy Rule 4001(b)(2) and (c)(2), and decisions under those provisions should provide guidance for the application of Bankruptcy Rule 6003.  Bankruptcy Rules 4001(b)(2) and (c)(2) are well understood and are the model for numerous first-day motions, such as obtaining credit and seeking use of cash collateral.  That process is well established: if the court is so disposed, the partial relief is granted for the interim application before the final hearing can be conducted.  Later, after further opportunity for other parties in interest to consider the application, the court, if so disposed, will grant the balance of the relief requested.

23.     Second, Bankruptcy Rule 6003 is entitled "Interim and Final Relief Immediately Following the Commencement of the Case . . . ."  Thus, the very title of the Bankruptcy Rule contemplates that relief may be granted on an interim basis.

24.     Interim relief is clearly justified and appropriate in the context of this application. It is well recognized in this circuit and in others that a corporation must be represented by counsel to appear in court because it is merely an artificial entity that can only act through its agents and thus may not appear pro se.  *See, e.g., Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985) ("A corporation is an abstraction, and abstractions cannot appear pro se."); *see also In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981) ("The law is clear that a corporation as a fictional legal person can only be represented by licensed counsel."); *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20, 22 (2d Cir. 1983) ("[I]t is well established that

- 9 -

a corporation, which is an artificial entity that can only act through agents, cannot proceed pro se.").

25.    Without counsel, the Debtors are technically unable to proceed with this case. Haynes and Boone, acting as counsel to the Debtors, will play an integral role in the first 21 days of these chapter 11 cases in all of the Debtors' key work efforts during this critical period. Among other things, the Debtors will need Haynes and Boone's assistance in preserving the value of their estates, negotiating with key creditor constituencies, addressing issues related to the first day hearing and related orders, constructing a chapter 11 plan and defining the Debtors' strategies going forward.

26.    Accordingly, the Debtors submit that they have satisfied the requirements of Bankruptcy Rule 6003 to support immediate entry of an interim order, substantially in the form attached hereto, authorizing the Debtors to retain Haynes and Boone on an interim basis and to compensate Haynes and Boone for any service rendered during that interim period in accordance with the Bankruptcy Code and the interim compensation procedures that may be established in this case.  This interim form of relief ensures the availability of Haynes and Boone's full resources to the Debtors during a critical period in this case, while preserving the ability of all parties in interest, including the U.S. Trustee, to consider this application on a final basis.  The form of the proposed order granting this application clearly and unequivocally preserves any objections of all creditors and parties in interest to the final hearing on this application and further provides that any such objections will be considered de novo.  Accordingly, no party is prejudiced by the limited relief sought by this application and the objective of the drafters of Rule 6003 is not frustrated.

27.    The Debtors also request the entry of a final order authorizing the Debtors' retention and employment of Haynes Boone upon a final hearing on the Application.

## VI.    Notice

28.    Notice of this Application has been served on the parties listed on the Debtors' proposed Master Service List and in the manner specified by the Debtors' Certificate of Service Concerning First Day Pleadings filed contemporaneously with this Application.

WHEREFORE, the Debtors respectfully request entry of interim and final orders authorizing retention of Haynes and Boone, LLP on a general retainer, pursuant to 11 U.S.C. §§ 327 and 330.

Dated:  June 30, 2010                    Respectfully submitted,

                                         ARROW AIR HOLDINGS CORP.

                                         By:_____
                                         Its:    Chief Restructuring Officer

                                         - and -

                                         ARROW AIR, INC.

                                         By:_____
                                         Its:    Chief Restructuring Officer

11

**EXHIBIT A**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re: | § | (Chapter 11) |
| | § | |
| ARROW AIR, INC. AND | § | Case number 10-28831-AJC |
| ARROW AIR HOLDINGS CORP. | § | Case number 10-28834-LMI |
| | § | |
| | § | |
| Debtors. | § | (Joint Administration Requested) |

**UNSWORN DECLARATION OF KENRIC D. KATTNER IN SUPPORT OF DEBTORS' APPLICATION FOR INTERIM ORDER APPROVING THE RETENTION OF HAYNES AND BOONE, LLP AS COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE AND FOR ENTRY OF A FINAL ORDER IN ACCORDANCE WITH FED. R. BANKR. P. 6003**

Kenric D. Kattner, states and declares:

1.      **Background.**  I am an attorney licensed to practice law in the state of Texas and have been a member in good standing of the Texas Bar since 1988.  I am also licensed to practice law in the state of New York.  I am admitted to practice before the United States District Courts for the Northern, Southern, Eastern, and Western Districts of Texas; and the Eastern and Western Districts of Arkansas.

2.      I am a partner in the law firm of Haynes and Boone, LLP ("Haynes and Boone" or the "Firm").  My office address is 1221 McKinney Street, Suite 2100, Houston, Texas  77010, Telephone (713) 547-2000, Facsimile (713) 236-5490, e-mail kenric.kattner@haynesboone.com.

3.      I make this declaration in support of the Debtors' Application for Interim Order Approving the Retention of Haynes and Boone, LLP as Counsel to the Debtors *Nunc Pro Tunc* to the Petition Date and for Entry of a Final Order in Accordance with Fed. R. Bankr. P. 6003 (the "Application"), filed by Arrow Air Holdings Corp. ("Holdings") and Arrow Air, Inc.

("<u>Arrow</u>" and together with Holdings, the "<u>Debtors</u>").  The Debtors filed voluntary petitions for relief under  Chapter 11 of the United States Bankruptcy Code on June 30, 2010 (the "<u>Petition Date</u>").

4.    **General Statement.**  Haynes and Boone does not represent any interest adverse to the Debtors or their estates, as required by 11 U.S.C. §§ 327(a) and 328(a), and is a disinterested person.  In preparation for making this declaration, Haynes and Boone performed a review of the connections with (i) parties to the Debtors' aircraft lease financing transactions and other secured parties of the Debtors', (ii) Debtors' officers and directors, (iii) Debtors' equity security holders, (iv) governmental entities that regulate or are creditors of the Debtors, (v) the unsecured creditors of the Debtors as of June 24, 2010 who were owed greater than $5,000, and (vi) certain other parties that may have an interest in the Debtors' chapter 11 cases.  **Exhibit 1** sets forth the connections between Haynes and Boone and these parties as reflected in the Haynes and Boone conflicts management system.  In light of the extensive number of creditors and other parties in interest involved in these cases, it is possible that Haynes and Boone has not been able to identify all such potential relationships.  To the extent that I or the Firm become aware of any additional relationships, I will promptly file a supplemental declaration. To the best of my knowledge, the Firm does not have any connection to the Office of the United States Trustee or any persons employed in the Office of the United States Trustee.

5.    Except for the continuing representation of the Debtors, the Firm has not represented nor will it represent any other entity in connection with these cases, and the Firm will not accept any fee from any other party or parties in these cases, except the Debtors.  All of such prospective fees will be subject to this Court's approval.

6.      **Search Methods**.  We have utilized the Firm's conflicts database management system (the "System"), which is designed to reveal the potential for conflicts of interest and other connections to existing and former clients and to many thousands of third parties never represented by the Firm.  Such results are printed and have been reviewed by the Firm's conflicts department.  We have contacted individual attorneys of the Firm shown on the System report as having previously submitted relevant connections information to the System.  From such attorneys we have obtained information and guidance with regard to the particular connections reflected.

7.      **References to the Debtors**.  The System reflects no information that would suggest that the Firm is now or has ever been <u>adverse</u> to the Debtors.  The only entries in the System referring to the Debtors simply reveal that the Debtors have been, and are, existing clients of the Firm or are affiliates of such existing clients.  To ensure that no attorney in the Firm will hereafter inadvertently commence representation of any creditor in the Debtors' bankruptcy cases, our System has been programmed with a "block" to require that no such representation or relationship may commence without first obtaining specific clearance from me—a clearance that will <u>not</u> be given as long as the Firm is engaged as court-approved counsel to the Debtors.

8.      **Parties-in-Interest**.  In order to go beyond the level of inquiry as to our past representation of the Debtors, and to take those steps necessary to prevent future conflicts from arising, Haynes and Boone analyzed those connections between the Firm and those parties identified on **Exhibit 1.**  As expected, while the results of these searches revealed no conflict of interest with regard to the Firm's anticipated continued representation of the Debtors, nine <u>connections</u> to parties-in-interest were revealed.  Those connections are specifically outlined in

the attached **Exhibit 1** to this Declaration. Each of the connections referred to in **Exhibit 1** is a present or former representation of a party-in-interest or its affiliate in matters wholly unrelated to the Debtors. Nevertheless, each relationship constitutes a "connection" that we feel should be disclosed to the Court for these purposes. After diligent investigation, examination, and analysis, Haynes and Boone does not believe that a conflict of interest exists with respect to its representation of the Debtors and any of the current representations described in **Exhibit 1**.

9.      **Compensation Issues.** Prior to the Petition Date, Haynes and Boone received retainers in the amount of $528,909.55, which is held by the Firm in its Trust Account  The bankruptcy retainer will continue to be held by the Firm in its Trust Account, subject to payment under any Court approved interim compensation procedures.

10.     Haynes and Boone has been paid $1,421,327.12 through June 29, 2010 as compensation for services rendered and costs incurred for the one year period prior to the Petition Date. As of the Petition Date, Haynes and Boone was not owed any fees or expenses for services rendered prior to the Petition Date. Haynes and Boone is not a creditor of, and asserts no prepetition claim against, the Debtors. Haynes and Boone has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel and associates of Haynes and Boone, or (b) any compensation another person or party has received or may receive from the Debtors.

11.     Subject to Court approval, and in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to Haynes and Boone on an hourly basis, plus reimbursement of actual, necessary expenses incurred by the Firm. The primary attorneys and paralegals within the Firm who will represent the Debtors and their current standard hourly rates are set forth below:

| h. | Kenric D. Kattner, Partner | $750.00 per hour |
|----|----------------------------|------------------|
| i. | Blaine F. Bates, Partner | $595.00 per hour |
| j. | Doug H. Edwards, Partner | $575.00 per hour |
| k. | Kourtney P. Lyda, Associate | $535.00 per hour |
| l. | Peter C. Ruggero, Associate | $370.00 per hour |
| m. | Kelli M. Stephenson, Associate | $270.00 per hour |
| n. | Jermaine Johnson, Paralegal | $250.00 per hour |

12.     The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  From time to time, other attorneys and paralegals from the Firm may serve the Debtors in connection with the matters herein described as well as the Debtors' general corporate needs.

13.     The hourly rates set forth above are the Firm's standard hourly rates for work of this nature.  These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is the Firm's policy, in all areas of practice, to charge its clients for all additional expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," and computerized research. Haynes and Boone will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to Haynes and Boone's other clients.  Haynes and Boone believes that it is fair to charge these expenses to the clients incurring them rather than to increase the hourly rates and spread the expenses among all clients.

14.    **Benefit to the Estates.**  The employment of Haynes and Boone will be beneficial to the Debtors because of the Firm's knowledge and familiarity with the Debtors and their legal obligations to their creditors.

15.    The Firm has not, and will not, represent the individual interests of the Debtors' Board of Directors or any equity owners of the Debtors, nor the individual interests of any of the Debtors' management.

16.    **Conclusion.**  In view of the foregoing, I believe that Haynes and Boone (i) does not hold or represent an interest adverse to the estates, and (ii) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.  The Firm recognizes, and takes very seriously, its continuing responsibility to be aware of, and to further disclose, any relationship or connection between it and other parties-in-interest to the Debtors' bankruptcy estates and cases as they appear or become recognized during the cases.  Accordingly, we reserve the right to, and shall, supplement this disclosure if necessary as more information becomes available to us.  The foregoing constitutes my statement and that of Haynes and Boone pursuant to section 327 of the Bankruptcy Code and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure.

17.    I declare under penalty of perjury under the laws of the United States, that the foregoing statements are true and correct.

Kenric D. Kattner
Partner, Haynes and Boone, LLP

## EXHIBIT 1

a.   The Firm has, in the past, represented Northrop Grumman Corporation ("Northrop") in matters unrelated to the Debtors.  The Firm currently represents Northrop in a False Claims Act Case which is completely unrelated to the Debtors and these bankruptcy cases.  The Firm does not currently represent Northrop in any other matters.  The Debtors' accounts payable as of June 28, 2010 indicates Northrop was not a creditor of the Debtors as of such date, but has been a creditor in the past.

b.   The Firm has represented De Lage Landen Financial Services, Inc. ("De Lage") in various litigation matters since 2005.  The Debtors lease certain equipment from De Lage.  The Firm currently represents De Lage in one matter unrelated to the Debtors and these bankruptcy cases.  The Debtors' accounts payable as of June 28, 2010 indicates De Lage was a creditor in the amount of $7,753.06.

c.   The Firm currently represents the International Air Transport Association ("IATA") in various matters that are unrelated to the Debtors.  Arrow is a member of IATA, and participates in the IATA clearinghouse whereby IATA, on a monthly basis, nets amounts owed to Arrow by other airlines under applicable interline agreements against amounts owed by Arrow to such other airlines.  The Debtors accounts payable as of June 28, 2010 indicates IATA was not a creditor of the Debtors as of such date.

d.   The Firm formerly represented Atlas Air, Inc. ("Atlas") in matters unrelated to the Debtors or their bankruptcy cases.  The Firm does not currently represent Atlas in any matters.  The Debtors' accounts payable as of June 28, 2010 indicates Atlas was a creditor of the Debtors as of such date in the amount $2,493.10.

e.   The Firm formerly represented Texas Aero Engine Services ("Texas Aero") in matters unrelated to the Debtors or their bankruptcy cases.  The Firm does not currently represent Texas Aero in any matters and has not represented Texas Aero since 2002.  The Debtors' accounts payable as of June 28, 2010 indicates Texas Aero was a creditor of the Debtors as of such date in the amount of $2,493.10.

f.   The Firm has represented T-Mobile ("T-Mobile") in various labor matters since 2001.  T-Mobile provides cellular phone services to the Debtors and as of June 28, 2010, T-Mobile was a creditor of the Debtors in the amount of $28,892.33.  The Firm currently represents T-Mobile in three matters unrelated to the Debtors and these bankruptcy cases.

g.   The Firm formerly represented an affiliate of ARINC ("ARINC") in matters unrelated to the Debtors or their bankruptcy cases.  The Firm does not currently represent ARINC or its affiliate in any matters and has not represented ARINC or any known affiliates since 2007.  The Debtors' accounts payable as of June 28, 2010 indicates ARINC was a creditor of the Debtors as of such date in the amount of $11,549.78.

h.   The Firm has represented L3 Communications ("L3") and certain affiliates in various matters since 2000.  L3 Communications Avionics Systems ("L3 Avionics") is an

affiliate of L3, however, the Firm has not in the past performed any work for L3 Avionics.  The Debtors' accounts payable as of June 28, 2010 indicates L3 Avionics was a creditor of the Debtors as of such date the amount of $10,352.00.

i.   Wells Fargo Bank Northwest, N.A. ("Wells Fargo") is the lessor under the Debtors' existing B757 aircraft leases, however, MP Arrow Leasing Ltd. is the actual party in interest as the beneficiary under the aircraft leases.  The Firm represents Wells Fargo in various financing transaction matters unrelated to the Debtors or their bankruptcy cases. The Firm has never represented Wells Fargo in any transaction involving the Debtors. The Firm has never represented MP Arrow Leasing Ltd.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | | |
|---|---|---|
| In re: | § | (Chapter 11) |
| | § | |
| ARROW AIR, INC. AND | § | Case number 10-28831-AJC |
| ARROW AIR HOLDINGS CORP. | § | Case number 10-28834-LMI |
| | § | |
| | § | (Jointly Administered under |
| Debtors. | § | Case number 10 -_____) |

**INTERIM ORDER APPROVING DEBTORS' APPLICATION FOR INTERIM ORDER**
**APPROVING THE RETENTION OF HAYNES AND BOONE, LLP AS COUNSEL TO**
**THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE AND FOR ENTRY OF A**
**FINAL ORDER IN ACCORDANCE WITH FED. R. BANKR. P. 6003**

This Court has considered the Debtors' Application for Interim Order Approving the

Retention of Haynes and Boone, LLP as Counsel to the Debtors *Nunc Pro Tunc* to the Petition

Date and for Entry of a Final Order in Accordance with Fed. R. Bankr. P. 6003 (the

"Application") filed by the above-captioned debtors (collectively, the "Debtors"). The

Application requests entry of interim and final orders pursuant to sections 105(a), 327, 328, and

330 of the United States Bankruptcy Code (the "Bankruptcy Code"), authorizing the Debtors'

retention and employment of Haynes and Boone, LLP ("Haynes and Boone") as attorneys for the

Debtors *nunc pro tunc* to the Petition Date. The Court finds that (i) it has jurisdiction over the

matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Application is in the best interests of the Debtors, their estates, and their creditors; (iv) proper and adequate notice of the Application and the hearing thereon has been given and that no other or further notice is necessary; (v) Haynes and Boone (a) holds no interest adverse to the Debtors or their estates in the matters upon which it is sought to be engaged; (b) is a disinterested person as that term is defined pursuant to 11 U.S.C § 101(14) and as required by 11 U.S.C. § 327; (c) has disclosed any connections with parties and the source of the retainer paid to Haynes and Boone as required by Bankruptcy Rule 2014; and (d) has otherwise complied with Bankruptcy Rules 2014 and 2016; (vi) none of the representations or engagements set out in the *Unsworn Declaration of Kenric D. Kattner in Support of Debtors' Application for Interim Order Approving the Retention of Haynes and Boone, LLP as Counsel to the Debtors Nunc Pro Tunc to the Petition Date and for Entry of a Final Order in Accordance with Fed. R. Bankr. P. 6003* constitute a conflict-of-interest or impair the disinterestedness of Haynes and Boone or otherwise preclude the Debtors' retention of Haynes and Boone in these cases; and (vii) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.

Therefore,

IT IS HEREBY ORDERED THAT:

1.      The Application is granted on an interim basis.

2.      The Debtors are authorized, on an interim basis, to employ Haynes and Boone as counsel for the Debtors pursuant to 11 U.S.C. §§ 327 and 330 *nunc pro tunc* to the bankruptcy Petition Date (as defined in the Application).

3.     The Court shall conduct a final hearing (the "<u>Final Hearing</u>") on the Application

on _____ at _____ a.m./p.m. at the United States Bankruptcy Court,

Southern District of Florida, 51 S.W. 1st Avenue, Room 1510, Miami, Florida, 33130.

Objections, if any, to the retention of Haynes and Boone shall be filed no later than three (3)

business days prior to the Final Hearing.

4.     Compensation will be awarded upon application and a hearing consistent with the

requirements of 11 U.S.C. §§ 330 and 331.

5.     Entry of this Interim Order is without prejudice to the rights of any party-in-

interest to interpose an objection to the Application, and any such objection will be considered

on a *de novo* standard at the Final Hearing.

####

**Submitted by:**
Jordi Guso, Esq.
BERGER SINGERMAN, P.A.
200 S. Biscayne Blvd., Ste. 1000
Miami, FL 33131
Tel: (305) 755-9500
Fax: (305) 714-4340

Copies to:
Jordi Guso, Esq.
*(Attorney Guso is directed to mail a conformed copy of this Order, immediately upon receipt, to all parties in interest)*