

## ORDERED in the Southern District of Florida on July 12, 2010.

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re: | § | (Chapter 11) |
| | § | |
| ARROW AIR, INC. AND | § | Case number 10-28831-AJC |
| ARROW AIR HOLDINGS CORP.[1] | § | Case number 10-28834-LMI |
| | § | |
| | § | (Jointly Administered under |
| Debtors. | § | Case Number 10-28831-AJC) |

### INTERIM ORDER APPROVING DEBTORS' APPLICATION FOR INTERIM ORDER APPROVING THE RETENTION OF HAYNES AND BOONE, LLP AS COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE AND FOR ENTRY OF A FINAL ORDER IN ACCORDANCE WITH FED. R. BANKR. P. 6003

THIS CAUSE came before the Court on July 2, 2010 at 2:00 p.m. in Miami, Florida on the Debtors' Application for Interim Order Approving the Retention of Haynes and Boone, LLP as Counsel to the Debtors *Nunc Pro Tunc* to the Petition Date and for Entry of a Final Order in Accordance with Fed. R. Bankr. P. 6003 (DE No. 19) (the "Application") filed by the above-captioned debtors (collectively, the "Debtors"). The Application requests entry of interim and

---

[1] The last four digits of the taxpayer identification number for Arrow Air, Inc. is 9045 and Arrow Air Holdings Corp. is 0895. The Debtors' address is 1701 NW 63rd Avenue, Building 712, Miami, FL 33126.

2912520-1                                   1

final orders pursuant to sections 105(a), 327, 328, and 330 of the United States Bankruptcy Code (the "Bankruptcy Code"), authorizing the Debtors' retention and employment of Haynes and Boone, LLP ("Haynes and Boone") as attorneys for the Debtors *nunc pro tunc* to the Petition Date.  The Court finds that (i) it has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Application is in the best interests of the Debtors, their estates, and their creditors; (iv) proper and adequate notice of the Application and the hearing thereon has been given and that no other or further notice is necessary; (v) Haynes and Boone (a) holds no interest adverse to the Debtors or their estates in the matters upon which it is sought to be engaged; (b) is a disinterested person as that term is defined pursuant to 11 U.S.C § 101(14) and as required by 11 U.S.C. § 327; (c) has disclosed any connections with parties and the source of the retainer paid to Haynes and Boone as required by Bankruptcy Rule 2014; and (d) has otherwise complied with Bankruptcy Rules 2014 and 2016; (vi) none of the representations or engagements set out in the *Unsworn Declaration of Kenric D. Kattner in Support of Debtors' Application for Interim Order Approving the Retention of Haynes and Boone, LLP as Counsel to the Debtors Nunc Pro Tunc to the Petition Date and for Entry of a Final Order in Accordance with Fed. R. Bankr. P. 6003* constitute a conflict-of-interest or impair the disinterestedness of Haynes and Boone or otherwise preclude the Debtors' retention of Haynes and Boone in these cases; and (vii) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.

Therefore,

    IT IS ORDERED THAT:

    1.    The Application is granted on an interim basis.

2. The Debtors are authorized, on an interim basis, to employ Haynes and Boone as counsel for the Debtors pursuant to 11 U.S.C. §§ 327 and 330 *nunc pro tunc* to the bankruptcy Petition Date (as defined in the Application).

3. The Court shall conduct a final hearing (the "Final Hearing") on the Application on Thursday, July 22, 2010 at 10:30 a.m. at the United States Bankruptcy Court, Southern District of Florida, 51 S.W. 1st Avenue, Room 1410, Miami, Florida, 33130. Objections, if any, to the retention of Haynes and Boone shall be filed no later than three (3) business days prior to the Final Hearing.

4. Compensation will be awarded upon application and a hearing consistent with the requirements of 11 U.S.C. §§ 330 and 331.

5. Entry of this Interim Order is without prejudice to the rights of any party-in-interest to interpose an objection to the Application, and any such objection will be considered on a *de novo* standard at the Final Hearing.

####

**Submitted by:**
Jordi Guso, Esq.
BERGER SINGERMAN, P.A.
200 S. Biscayne Blvd., Ste. 1000
Miami, FL 33131
Tel: (305) 755-9500
Fax: (305) 714-4340

Copy to:
Jordi Guso, Esq.
*(Attorney Guso is directed to mail a conformed copy of this Order, immediately upon receipt, to all parties in interest)*