

**ORDERED in the Southern District of Florida on August 09, 2010.**

A. Jay Cristol, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| In re: | § | (Chapter 11) |
|---|---|---|
| | § | |
| ARROW AIR, INC. AND | § | Case number 10-28831-AJC |
| ARROW AIR HOLDINGS CORP. | § | Case number 10-28834-AJC |
| | § | |
| | § | (Jointly Administered under |
| Debtors. | § | Case number 10-28831-AJC) |

**ORDER ESTABLISHING SOLICITATION AND BID PROCEDURES FOR THE ACQUISITION OF THE DEBTORS' BUSINESS AND (B) SCHEDULING A HEARING TO APPROVE THE SELECTION OF THE HIGHEST AND BEST OFFER AND CERTAIN RELATED RELIEF**

THIS CAUSE came before the Court on August 5, 2010, at 2:30 p.m. on the Expedited Motion for (A) Approval of Solicitation and Bid Procedures for the Acquisition of the Debtors' Business and (B) Scheduling a Hearing to Approve the Selection of the Highest and Best Offer and Certain Related Relief (DE No. 134) (the "Motion") filed by Arrow Air, Inc. ("Arrow") and Arrow Air Holdings Corp. ("Holdings," and collectively with Arrow, the "Debtors"). The

H-Bid Procedures Order.DOC

Motion requests entry of an order approving certain rules and procedures that will govern the solicitation and submission of proposals for the acquisition of the Business (as defined below). The Court finds that (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the relief requested in the Motion is in the best interests of the Debtors, their bankruptcy estates, and their creditors; (d) proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and (e) based on the entire record herein, and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as provided herein. Therefore,

IT IS ORDERED THAT:

1. The Motion is granted in all respects.

2. For purposes of this order and the Bid Procedures (defined below), the Debtors' business consists of the assets and authorities comprising their business operations, which include: executory contracts and unexpired leases; certain intellectual property, including tradenames/trademarks and copyrights; goodwill; manuals, logs, and records related to their operating assets and authorities; authorizations allowing them to operate as a commercial airline; computer databases and software; accounts receivable, spare parts and rotables, and other miscellaneous tangible and intangible assets (collectively, the "Business"). The Business does not include claims or causes of action held by the Debtors or their bankruptcy estates, including causes of action under chapter 5 of the Bankruptcy Code. The Debtors reserve the right (in consultation with MP Arrow III, LLC, the Debtors' primary secured lender ("MP III")) to exclude any asset from the property and assets a party might include in its Bid Proposal (as defined below).

3. The following solicitation and bid procedures (the "Bid Procedures") are approved, and shall govern the solicitation and submission of proposals for the acquisition of the Business.

    a. Notice of the Bid Procedures. Within two business days after entry of an order approving the Motion and containing the Bid Procedures (the "Bid Procedures Order"), the Debtors will serve a copy of the Bid Procedures Order on (i) all parties who have previously expressed an interest to the Debtors in acquiring all or any portion of the Business, (ii) the United States Trustee, (iii) MP III, (iv) counsel for the Committee, and (v) all parties identified on the operative Master Service List.

    b. Bid Proposals. All bid proposals for the acquisition of the Business (each a "Bid Proposal") must conform to the following requirements:

        i. Each Bid Proposal must be in writing and contain the material terms and conditions regarding a proposed sale or other transfer of the Business through a stock transaction, which may include the assumption and assignment of executory contracts and unexpired leases. THE DEBTORS ARE NOT SOLICITING, AND WILL NOT ACCEPT, ANY BID PROPOSALS THAT CONTEMPLATE SOLELY THE ACQUISITION OF THE DEBTORS' OPERATING CERTIFICATE AS A STAND-ALONE ASSET. Each Bid Proposal shall be subject to bankruptcy court approval, but cannot contain any financing contingency(ies). The Debtors prefer to receive a Bid Proposal for the acquisition of the Business through a stock transaction, but will give consideration to a sale of individual assets subject to the limitations described above.

        ii. All Bid Proposals for acquisition of the Business must identify the net cash consideration to be paid to the bankruptcy estates. Bid Proposals should also account for the costs to be incurred by the Debtors to maintain the assets to be acquired under the Bid Proposal, including operating authorizations, for the period from August 2010 until the closing of the transaction embodied in the Bid Proposal.

        iii. The person or entity making the Bid Proposal must deliver to the Debtors by the Proposal Deadline (as defined below) the following: (A) copies of financial statements, letters of credit, and any other documents satisfactory to the Debtors evidencing the prospective purchaser's ability to consummate the contemplated transaction; (B) information and satisfactory assurances that there is no regulatory issue (including the domestic ownership requirements imposed by the Federal Aviation Administration) that would prevent the prospective purchaser from

fulfilling the terms, conditions, and obligations under the proposed sale transaction; and (C) the Bid Proposal. The Debtors, in their sole discretion, shall have the right to determine the adequacy of the foregoing information and documents.

iv.     By the Proposal Deadline, the entity making a Bid Proposal must also tender to the Debtors a good faith deposit, in cash, in an amount equal to the greater of (A) $500,000 or (B) ten percent (10%) of the consideration specified in the Bid Proposal. The Debtors will maintain the deposits (including any additional deposit(s) required under paragraph 3(g) below) in a segregated, non-interest bearing account.

v.      All Bid Proposals must be delivered to the following parties (collectively, the "Notice Parties"):

>   Seabury Advisors, LLC
>   Attn: Ginger Hughes
>   1350 Avenue of the Americas
>   25th Floor
>   New York, NY 10019
>   Facsimile:(212) 284-1144
>   Email: ghughes@seaburygroup.com

>   Haynes and Boone, LLP
>   Attn: Kourtney P. Lyda
>   1 Houston Center
>   1221 McKinney Street
>   Suite 2100
>   Houston, Texas 77010
>   Facsimile: (713) 236-5687
>   Email: kourtney.lyda@haynesboone.com

>   Bracewell & Guiliani LLP
>   Attn: Jennifer Feldsher
>   1251 Avenue of the Americas
>   49th Floor
>   New York, New York 10020
>   Facsimile: (212) 938-3837
>   Email: jennifer.feldsher@bgllp.com

>Genovese, Joblove & Battista, P.A.
>Attn: Glenn D. Moses
>100 S.E. Second Street, 44th Floor
>Miami, Florida 33131
>Facsimile: (305) 349-2310
>Email: gmoses@gjb-law.com

    vi.    No letter of intent or other written proposal submitted to the Debtor prior to the filing of the Motion in connection with the acquisition of the Business (or any subpart thereof) shall be considered as a Bid Proposal for purposes of these Bid Procedures.

c.    <u>Due Diligence Materials</u>. To assist prospective purchasers in their evaluation of the Business, the Debtors will provide access to information and documentation related to the Business in an online virtual data room (collectively, the "<u>Due Diligence Materials</u>"). As part of the Due Diligence Materials, the Debtors will provide prospective purchasers with information concerning the monthly expenses associated with retaining the assets comprising the Business. Only those parties who sign a confidentiality agreement in a form acceptable to the Debtors will be provided with access to the Due Diligence Materials. All contacts and requests regarding the Due Diligence Materials by potential purchasers should be directed to the Debtors' counsel: Haynes and Boone, LLP, Attn: Kourtney P. Lyda, 1 Houston Center, 1221 McKinney Street, Suite 2100, Houston, Texas 77010, (713) 236-5687, kourtney.lyda@haynesboone.com. The Debtors reserve the right to restrict or deny access to any prospective purchasers.

d.    <u>Deadline for Submission of Bid Proposals</u>. Parties must deliver any Bid Proposal so that it is actually received by the Notice Parties on or before **August 23, 2010 at 5:00 p.m. prevailing eastern time** (the "<u>Proposal Deadline</u>"). Each Bid Proposal shall be irrevocable.

e.    <u>Auction</u>. In the event that more than one satisfactory Bid Proposal is submitted, as determined in the sole discretion of the Debtors, the Debtors will conduct an auction (if necessary) on **August 25, 2010 at 10:00 a.m. prevailing eastern time** (the "<u>Auction</u>") at the offices of Berger Singerman, 200 South Biscayne Boulevard, Suite 1000, Miami, Florida, 33131. ONLY PARTIES WHO SUBMITTED A BID PROPOSAL WILL BE ALLOWED TO PARTICIPATE IN THE AUCTION. The Auction shall be conducted as follows:

    i.    At the commencement of the Auction, the Debtors will announce the highest or otherwise best Bid Proposal;

    ii.    The Debtors shall then commence an Auction recorded stenographically, calling for incremental bids from bidders who submitted proper Bid Proposals, with minimum overbid increments of $100,000;

        iii.     Bidders shall be allowed to caucus privately among themselves (but not with other bidders) at any time; provided, however, that the Debtors may impose uniform reasonable time restrictions on such caucuses so that the Auction may continue and be completed in an orderly and timely manner; and

        iv.     The Debtors, after consultation with MP III and the Committee, may adopt such other rules for the Auction (including rules that may depart from those set forth herein) that they anticipate will result in the highest or otherwise best value for the estates and that are not inconsistent with any Bankruptcy Court order; provided that any changed or additional rules for the Auction are not materially inconsistent with the Bid Procedures and are communicated to all qualified participants at or before the Auction.

    f.     <u>Selection of the Highest and Best Offer</u>.  The Debtors, in their sole discretion, but in consultation with MP III and the Committee, will determine which Bid Proposal (if any) is the highest and best offer for the sale or other transfer of the Business (the "<u>Prevailing Bid</u>") and the next highest or otherwise best bid (the "<u>Back-Up Bid</u>").[1]  The following non-exclusive factors will influence the Debtors' determination of the Prevailing Bid and Back-Up Bid:  (i) the consideration offered to be paid; (ii) the potential purchaser's financial strength and ability to timely close on the proposed transaction; (iii) any consent issues surrounding the assumption and assignment of executory contracts and unexpired leases; and (iv) any regulatory issues implicated by the proposed sale transaction.  The Debtors shall have the right, in their sole discretion, to waive any technical violation of, or deviation from, the Bid Procedures consistent with the goal of maximizing the sale price for the Business.

    g.     <u>Deposit(s)</u>.  Within two business days after conclusion of the Selection Hearing, the proponent of the Prevailing Bid must tender to the Debtors additional cash in order to increase its deposit so that the total deposit for the Prevailing Bid equals 25% of the proposed consideration to be paid under the Prevailing Bid.  Such deposit (including the initial deposit required under paragraph 3(b)(iv) above) shall not be refundable unless the Prevailing Bid fails to close solely as a result of the Debtors' breach of their material obligations thereunder.  In the event the transaction embodied in the Prevailing Bid fails to close and the Debtors' elect to close the transaction described in the Back-Up Bid, then the provisions of this paragraph shall apply to the party who submitted the Back-Up Bid.  Any deposit(s) received under these Bid Procedures shall be returned within ten business days after the Bankruptcy Court enters an order approving the Prevailing Bid, except for deposits submitted by the Prevailing Bid and Back-Up Bid.

---

[1]     To the extent the Prevailing Bid fails to consummate a transaction or otherwise comply with any requirements imposed during the bankruptcy proceedings, all references to Prevailing Bid shall be substituted with Back-Up Bid.

        h.      <u>Credit Bid</u>. MP III may exercise its right to credit bid at the Auction all or a portion of its indebtedness in accordance with 11 U.S.C. § 363(k). Notwithstanding any provision of the Bid Procedures to the contrary, MP III shall not be required to submit a Bid Proposal or a Deposit in order to exercise its right to credit bid. In the event MP III is the successful bidder by virtue of a credit bid, and if the Committee prevails on a timely filed challenge to MP III's liens and/or claims, then the Committee's right to seek recovery of the value of the assets transferred are preserved; provided, however, that nothing in this paragraph 3(h) shall limit or affect MP III's rights and defenses related to such challenges.

4.    The Court will hold a hearing on **August 26, 2010 at 2:00 p.m. prevailing eastern time** (the "<u>Selection Hearing</u>") to consider approving the Debtors' determination of the Prevailing Bid. At the Selection Hearing, the Debtors will seek approval of their selection of the Prevailing Bid and certain related relief.

5.    This Court retains jurisdiction to enforce the terms of this order and to resolve any dispute arising under the terms of this order.

6.    This Order shall be effective immediately on execution, notwithstanding the possible application of any applicable law or procedural rule.

####

**Submitted by:**
Jordi Guso, Esq.
BERGER SINGERMAN, P.A.
200 S. Biscayne Blvd., Ste. 1000
Miami, FL 33131
Tel: (305) 755-9500
Fax: (305) 714-4340

Copy to:
Jordi Guso, Esq.
*(Attorney Guso is directed to mail a conformed copy of this Order, immediately on receipt, to all parties in interest)*